**ROBERTS v. DURACHER (CHARITY HOSPITAL OF LOUISIANA, Intervenor).**

No. 17401.

Court of Appeal of Louisiana. Orleans.

June 13, 1940.

Porteous, Johnson & Humphrey, of New Orleans, for appellant.

H. W. & H. M. Robinson, of New Orleans, for plaintiff-appellee.

Cyril F. Dumaine, of New Orleans, for intervenor Charity Hospital of Louisiana.

McCALEB, Judge.

The plaintiff, Mrs. Annie B. Roberts, instituted this suit against the defendant, Adrian J. Duracher, the owner and operator of a concern known as Louisiana Coal Company, seeking recovery of $4,000 for the personal injuries she sustained on November 11, 1939, consisting principally of a fracture of her left ankle, when she was struck by the defendant's coal truck while walking across Marais Street at the corner of Canal Street in the City of New Orleans. She alleges that the accident resulted from the negligence of the driver of the truck, who was acting within the scope of his employment, in that he drove the truck into Marais Street after she had started across the intersection without affording her the right of way when she was in plain view and in that he was operating the truck at a high and dangerous rate of speed.

The defendant admits the happening of the accident but denies any and all responsibility to the plaintiff for the injuries sustained by her. He avers that his truck was proceeding across the downtown roadway of Canal Street and into the entrance of Marais Street at a slow rate of speed; that the driver thereof was exercising a proper lookout for pedestrian and vehicular traffic and that, as the front of the truck entered Marais Street, the plaintiff, who was in a safe position upon the downtown riverside sidewalk at the intersection, suddenly and without looking for approaching vehicles, stepped out into the roadway of Marais Street and walked into the right front fender of the truck. He further avers, in the

alternative, that, if the court should find that the truck driver was at fault in any particular, then plaintiff was guilty of contributory negligence barring her recovery.

The Charity Hospital of Louisiana, at which the plaintiff received treatment, intervened in the case under the provisions of Act No. 230 of 1932 and claimed reimbursement from the defendant in the sum of $137 for services rendered by it to the plaintiff.

After a trial of the case on its merits, there was judgment in the district court in favor of the plaintiff for the sum of $1,000 and for the intervenor, Charity Hospital, in the sum of $137. The defendant has appealed from the adverse judgment.

The questions presented for review are chiefly ones of fact. The accident occurred in the roadway of Marais Street at its intersection with Canal Street on a Saturday afternoon at about five P. M. and there was at that time considerable traffic, both pedestrian and vehicular, within the immediate vicinity of the point where it took place. Canal Street, which is one of the main traffic arteries of the City of New Orleans, is a broad, paved, double thoroughfare separated by a wide neutral ground. It runs from the Mississippi River in the direction of Lake Pontchartrain. On the downtown side of the lower Canal Street roadway is Marais Street which intersects Canal Street at right angles. Marais Street is a paved two-way thoroughfare which runs from downtown towards uptown and ends at its intersection with Canal Street.

The plaintiff was on her way to market and was walking on the downtown sidewalk of Canal Street approaching Marais Street, going in the direction of Lake Pontchartrain. When she reached Marais Street and had taken one or two steps into the roadway, she either walked into or was struck by the right front fender of the defendant's truck which had just previously crossed the downtown roadway of Canal Street and had entered Marais Street.

Plaintiff's version of the accident is as follows: That, when she arrived at the intersection of Canal and Marais Streets, there were some negro women standing at the curb; that she walked to the right of these women and then stepped out into the roadway of Marais Street; that, before she stepped into the roadway, she looked for oncoming traffic and seeing none she took a step or two into the street when she was struck by the right front fender of the defendant's truck and that, at no time previous to the impact, did she see defendant's truck traversing the Canal Street intersection and entering the Marais Street roadway.

In addition to her own testimony, plaintiff produced a Mr. J. Sarpy who gave evidence in her behalf. Mr. Sarpy stated that he did not see the accident; that, at the time it occurred, he was driving his automobile on Marais Street towards the Canal Street intersection; that, as he neared Canal Street, he noticed a truck coming from the neutral ground of Canal Street going downtown at a fast rate of speed; that he stopped his car right at the corner to give the truck a chance to pass him because there was another car parked on his right side near the curb; that there were at that time a number of pedestrians crossing the roadway of Marais Street; that he did not see the plaintiff but that, just as the truck was entering Marais Street, he heard somebody scream and that, as soon as the truck had passed him, he saw a lady lying flat on her back very close to the riverside curbing of Marais Street.

The defendant produced two witnesses, i. e., Ernest Watts, the negro truck driver, and his helper, Calvin Brown. The testimony of these witnesses is substantially in accord and they declare as follows: That, just prior to the accident, Watts was driving the truck on La Salle Street, which is a continuation of Marais Street, on the uptown side of the upper roadway of Canal Street; that the truck was stopped at the intersection of La Salle and Canal Streets in obedience to the traffic law; that, as soon as it was safe for the truck to proceed, Watts started across Canal Street and traversed the upper roadway thereof to the neutral ground; that the truck was again stopped on the neutral ground of Canal Street in order to permit vehicular traffic proceeding in the lower roadway of Canal Street to pass; that, when the roadway was clear, Watts proceeded to cross it and enter Marais Street at a speed not exceeding seven miles per hour; that there were quite a few pedestrians standing at the curb of the downtown river sidewalk of Marais and Canal Streets apparently waiting for the Marais Street traffic to clear; that Watts accordingly proceeded forward into the Marais Street entrance and that, just as he reached the intersection, the plaintiff, who previously had been screened from his view by the presence of the pedestrians standing on the corner, stepped suddenly

into the roadway in the path of the truck and was knocked down when she came in contact with its right front fender. They further state that, when the plaintiff walked into the roadway, Watts swerved the truck to the left in order to avoid striking her but to no avail because of her sudden and unexpected movement into the street at a time when the truck had already entered the intersection.

On the foregoing evidence, the judge of the district court found that the truck driver was not only guilty of fault but also that the plaintiff was free from contributory negligence. A careful study of the testimony has been ample to convince us that the result reached by our brother below is manifestly erroneous.

In the first place, we are not prepared to say that the negro truck driver was at fault in any respect. There has been no preponderating evidence offered by plaintiff to exhibit that he was not keeping a proper lookout or that he entered Marais Street without exercising reasonable care. The only evidence which might be said to indicate negligence on his part is found in the testimony of plaintiff's witness Mr. Sarpy, who states that the truck was being driven into the intersection at a rate of speed which he estimates to be 25 miles per hour. The truck driver and Brown, his helper, say that the truck was not going over seven miles per hour and, although the testimony given by them is vigorously criticized by counsel for plaintiff, we cannot find any material inconsistencies in their statements which are opposed to the physical facts and we see no valid cause for rejecting their evidence as being unworthy of belief.

Moreover, even though we discard from our consideration, as did the district judge, the statements given by the two witnesses for the defendant and assume that the truck was being driven at an excessive rate of speed, we believe that the plaintiff's own statement clearly exhibits not only that she was at fault but that her negligence was either the proximate cause of, or at least a contributing factor to, the unfortunate accident. Plaintiff testified that, when she arrived at the crossing, there were a number of persons standing there; that, in order to pass, she walked to the right of these pedestrians and started to traverse the roadway; that, when she got to the point where she could see into Marais Street, she looked into the roadway for traffic coming towards Canal Street and for traffic coming across Canal Street and that she did not see the defendant's truck until she came into contact with it. She does not attempt, however, to explain why she did not see the truck at the time she looked. It is certain that the truck must have been very close to her at the time she stepped into the roadway for she says that she had only taken one or two steps into the street when she was struck by its right fender.

The district judge, in commenting upon the defendant's plea of contributory negligence in his written reasons for judgment, observes: "The court does not believe there was any contributory negligence on the part of the plaintiff, because she testified she looked and when she looked she did not see any traffic coming across the intersection."

The error we discern in the foregoing finding is that it was not sufficient to exonerate plaintiff from blame on her statement that she looked and did not see any traffic because the evidence reveals that the defendant's truck was in close proximity to her at the time she declared that she looked. To look and fail to observe when one should see is equivalent to not looking at all. That the truck was within the immediate vicinity of plaintiff at the time she stepped into the street is not only shown by the physical facts of the case but has been fully demonstrated by plaintiff's own witness, Mr. Sarpy, who says that, when he neared Canal Street, he saw the truck running over the neutral ground and the lower side of Canal Street at a fast rate of speed.

Our conclusion is that plaintiff, without taking any care or precaution whatsoever, walked into the roadway directly into the path of the defendant's truck. Under such circumstances, it is clear that she was guilty of fault having causal connection with the accident. She is therefore not entitled to recover even though it be conceded that the truck driver was imprudent for, as a consequence of her negligence, she placed herself in such a perilous position that the driver had no opportunity whatever to avert contact with her body.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered, adjudged and decreed that there be judgment herein in favor of the defendant, Adrian J. Duracher, and that plaintiff's suit be dismissed at her cost. The intervention of Charity Hospital of Louisiana is likewise dismissed.

Reversed.